IN THE UNITE STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| BARBARA JEANETTE THOMAS, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | 2:14-cv-78 |
| ) | |
| DEUTSCHE BANK NATIONAL TRUST CO., *et al.*, ) | |
| ) | |
| Defendants. ) | |

REPORT AND RECOMMENDATION

This matter is before the court on the Referral for a Report and Recommendation on the Motion to Dismiss [DE 7] filed by the defendants, Deutsche Bank and Ocwen Loan Servicing, on March 31, 2014. For the following reasons, the court **RECOMMENDS** that the motion be **GRANTED.**

*Background*

The defendant, Deutsche Bank, was the assignee of a mortgage issued to the plaintiff, Barbara Jeanette Thomas, on the property commonly known as 4906 Olcott Avenue, East Chicago, Indiana 46312. Ocwen Loan Servicing, LLC, was the appointed loan servicer. Deutsche filed a foreclosure action in the Lake County Superior Court on June 10, 2013 against Thomas seeking to foreclose on the property. Thomas appeared in the foreclosure action and filed a motion to strike. The motion to strike was denied by the Lake County Superior Court on August 30, 2013. Thomas later filed an answer, counterclaim, and affirmative defense, but the court found her answer untimely. A foreclosure judgment was entered in favor of Deutsche Bank on December 5, 2013. Thomas responded by filing a motion to dismiss the foreclosure action on December 13, 2013. The court struck Thomas' motion to dismiss. Thomas then filed a pleading identical to the complaint filed in this action. The Lake County Superior Court also struck this document. On January 22, 2014, Thomas proceeded to file the present action in the Lake County Superior Court, which subsequently was removed to this court. Deutsche and Ocwen now

1

move to dismiss Thomas' complaint, arguing that Thomas' claims are barred by the doctrine of res judicata. Thomas did not file a response in opposition, and the time to do so has since passed.

*Discussion*

Federal Rule of Civil Procedure 12(b)(6) allows for a complaint to be dismissed if it fails to "state a claim upon which relief can be granted." Allegations other than those of fraud and mistake are governed by the pleading standard outlined in Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement" to show that a pleader is entitled to relief. *See **Cincinnati Life Insurance Co. v. Beyrer***, 722 F.3d 939, 946 (7th Cir. 2013). The Supreme Court clarified its interpretation of the Rule 8(a)(2) pleading standard in a decision issued in May 2009. While Rule 8(a)(2) does not require the pleading of detailed allegations, it nevertheless demands something more "than an un-adorned, the-defendant-unlawfully-harmed-me accusation." ***Ashcroft v. Iqbal***, --- U.S. ---, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). In order to survive a Rule 12(b)(6) motion, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is 'plausible on its face.'" ***Iqbal,*** 129 S. Ct. at 1949 (quoting ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007)); ***Cincinnati Life Insurance***, 722 F.3d at 946 ("The primary purpose of [Fed.R.Civ.P. 8 and 10(b)] is to give defendants fair notice of the claims against them and the grounds supporting the claims.")(quoting ***Stanard v. Nygren***, 658 F.3d 792, 797 (7th Cir. 2011)); ***Peele v. Clifford Burch***, 722 F.3d 956, 959 (7th Cir. 2013)(explaining that one sentence of facts combined with boilerplate language did not satisfy the requirements of Rule 8); ***Joren v. Napolitano***, 633 F.3d 1144, 1146 (7th Cir. 2011). This pleading standard applies to all civil matters. ***Iqbal***, 129 S. Ct. at 1953.

The decision in ***Iqbal*** discussed two principles that underscored the Rule 8(a)(2) pleading standard announced by ***Twombly***. *See **Twombly***, 550 U.S. at 555 (discussing Rule 8(a)(2)'s requirement that factual allegations in a complaint must "raise a right to relief above the speculative level"). First, a court must accept as true only factual allegations pled in a complaint; "[t]hreadbare recitals of the elements of a cause of action" that amount to "legal conclusions" are insufficient. ***Iqbal***, 129 S.Ct. at

1949.  Next, only complaints that state "plausible" claims for relief will survive a motion to dismiss:  if the pleaded facts do not permit the inference of more than a "mere possibility of misconduct," then the complaint has not met the pleading standard outlined in Rule 8(a)(2).  *Iqbal*, 129 S.Ct. at 1949-50; *see also* **Brown v. JP Morgan Chase Bank**, 2009 WL 1761101, *1 (7th Cir. June 23, 2009)(defining "facially plausible" claim as a set of facts that allows for a reasonable inference of liability).  The Supreme Court has suggested a two-step process for a court to follow when considering a motion to dismiss.  First, any "well-pleaded factual allegations" should be assumed to be true by the court.  Next, these allegations can be reviewed to determine if they "plausibly" give rise to a claim that would entitle the complainant to relief.  *Iqbal*, 129 S. Ct. at 1949-50; **Bonte v. U.S. Bank, N.A**., 624 F.3d 461, 465 (7th Cir. 2010).  Reasonable inferences from well-pled facts must be construed in favor of the plaintiff. **Murphy v. Walker**, 51 F.3d 714, 717 (7th Cir. 1995); **Maxie v. Wal-Mart Store**, 2009 WL 1766686, *2 (N.D. Ind. June 19, 2009)(same); **Banks v. Montgomery**, 2009 WL 1657465, *1 (N.D. Ind. June 11, 2009)(same).

Deutsche and Ocwen ask the court to dismiss Thomas' complaint, arguing that the action is barred by res judicata and that Thomas should have raised her allegations in response to the foreclosure action.  Res judicata is comprised of two branches---  issue preclusion and claim preclusion.  Collateral estoppel, or issue preclusion, limits the litigation of issues that have been decided between parties in a prior action, and it applies only when the same issue is involved in the second proceeding and the determination of that question is "essential" to the prior judgment. ***King v. Burlington Northern & Santa Fe Ry. Co***., 538 F.3d 814, 818 (7th Cir. 2008). The Supreme Court recently reiterated the requirements for issue preclusion, noting that "[i]ssue preclusion . . . bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." ***Taylor v. Sturgell***, 553 U.S. 880, 128 S.Ct. 2161, 2171, 171 L.Ed.2d 155 (2008).

When a party argues that the claim preclusion component of res judicata applies, four factors must be present, namely: (1) the former judgment must have been rendered by a court of competent

3

jurisdiction; (2) the former judgment must have been rendered on the merits; (3) the matter now in issue was, or could have been, determined in the prior action; and (4) the controversy adjudicated in the former action must have been between parties to the present suit or their privies. *In re L.B.*, 889 N.E.2d 326, 333 (Ind.App. 2008). *See also Lewis v. Suthers*, 2012 WL 1564132, *1 (7th Cir. May 4, 2012); *Hayes v. City of Chicago*, 670 F.3d 810, 813 (7th Cir. 2012); *Leal v. Krajewski*, 803 F.2d 332, 335 (7th Cir. 1996); *Miller Brewing Co. v. Indiana Department of State Revenue*, 903 N.E.2d 64, 70 (Ind. 2009); *Afolabi v. Atlantic Mortgage & Investment Corp*., 849 N.E.2d 1170, 1174 (Ind. App. 2006). Claim preclusion applies whether or not the issue actually was litigated, provided that the issue could have been raised in the prior proceeding. *In re L.B.*, 889 N.E.2d at 333.

In support of its argument that res judicata precludes Thomas' claim, Deutsche and Ocwen ask the court to consider the documents attached to their motion, namely the pleadings, motions, and orders from the foreclosure action concluded in the Lake County Superior Court. Generally, the court is limited to considering only the pleadings when ruling on a motion to dismiss. *General Electric Capital Corporation v. Lease Resolution Corporation*, 128 F.3d 1074, 1080-82 (7th Cir. 1997). Otherwise, it must convert the motion to dismiss to one for summary judgment. However, there are exceptions, including one for documents of which the court may take judicial notice. *See General Electric,* 128 F.3d at 1080-82. This encompasses matters of public record, including pleadings and orders from related cases. *General Electric*, 128 F.3d at 1080-82 (collecting cases*); Brown v. Chrysler Financial Services*, 2006 WL 850881 (N.D. Ill. March 24, 2006) (citing *Zahran v. Frankenmuth Mut. Ins. Co*., 1996 WL 182563, *3n.1 (N.D. Ill. April 15, 1996) (taking judicial notice of documents from prior lawsuits in granting motion to dismiss under Rule 12(b)(6)). For this reason, the court can consider the pleadings, motions, and orders from the underlying state foreclosure case and attached as exhibits to Deutsche and Ochwen's motion to dismiss.

Review of these documents shows that claim preclusion bars Thomas' complaint. A court of competent jurisdiction, the Lake County Superior Court, issued a foreclosure judgment in favor of Deutsche. "A default judgment is a judgment on the merits for the purposes of res judicata."

*Eichenberger v. Eichenberger*, 743 N.E.2d 370, 374 (Ind. App. 2001). The order constituted a final decision, foreclosing Thomas' interest in the property.

Thomas and Deutsche also were parties to the foreclosure action. Although Ocwen was not a named party, the defendants assert that Ocwen was in privy with Deutsche as its loan servicer. Indiana's application of issue preclusion differs from the basic federal requirements in that it affects not just parties, but their privies. *See United States v. Clark County, Indiana*, 234 F.Supp.2d 934, 937 (S.D.Ind. 2002) (applying Indiana law to preclusion issues). "The term 'privy' includes those who control an action, though not a party to it, and those whose interests are represented by a party to the action." *MicroVote General Corp. v. Indiana Election Com'n*, 924 N.E.2d 184, 196 (Ind. App. 2010). For purposes of res judicata, a privy does not need to be a named party in the prior proceeding provided that its interests were represented. *MicroVote*, 924 N.E.2d at 196.

Ocwen was Deutsche's loan servicer. A mortgage servicer is responsible for the management of the loan, including such tasks as collecting payments and handling the escrow account. Ocwen did not have an independent interest in the property. Therefore, Deutsche represented Ocwen's interests in the foreclosure action, and Ocwen was a privy to Deutsche. This prong of the analysis is satisfied.

Finally, the court must consider whether the issues Thomas raised were or could have been adjudicated in the foreclosure proceeding. Thomas seeks to challenge Deutsche's interest in the property and its status as the holder in due course of the note and mortgage. Because the foreclosure action determined the ownership of the property and whether Deutsche had an interest in the property, these issues should have been resolved in the foreclosure action. Thomas had an opportunity to dispute the ownership in the prior proceeding before the Lake County Superior Court.

Deutsche and Ocwen have demonstrated that all four prongs of the claim preclusion analysis have been satisfied. Deutsche obtained a final, favorable judgment by a court of competent jurisdiction, and Thomas missed her opportunity to raise her allegation at that time. For this reason, the court **RECOMMENDS** that the motion be **GRANTED**.

Pursuant to 28 U.S.C. §636(b)(1), the parties shall have fourteen days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Incorporated*, 199 F.3d 902, 904 (7th Cir. 1999); *Johnson v. Zema Systems Corporation*, 170 F.3d 734, 739 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *The Provident Bank v. Manor Steel Corporation*, 882 F.2d 258, 260-61 (7th Cir. 1989); *United States v. Johnson*, 859 F.2d 1289, 1294 (7th Cir. 1988); *Lebovitz v. Miller*, 856 F.2d 902, 905 n.2 (7th Cir. 1988).

ENTERED this 13th day of August, 2014

/s/ Andrew P. Rodovich
United States Magistrate Judge