UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| BARBARA JEANETTE THOMAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:14-cv-78 JD |
| | ) |
| DEUTSCHE BANK NATIONAL | ) |
| TRUST COMPANY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **OPINION AND ORDER**

Plaintiff Barbara Jeanette Thomas filed an eight-count complaint in this matter seeking to quiet title to property that was the subject of foreclosure proceedings in state court. Ms. Thomas named five entities, including Deutsche Bank National Trust Company; Securitized Asset-Backed Receivables LLC Trust 2007-NC1; Sutton Funding LLC; Ocwen Loan Servicing, LLC; and Barclay Capital Inc., as defendants. Deutsche Bank and Ocwen Loan Servicing removed this matter to federal court and moved to dismiss the suit, asserting that the judgment in their favor in the foreclosure action bars Ms. Thomas' claims through the doctrine of res judicata. Ms. Thomas did not file any response to the motion. The Court referred the motion to the magistrate judge for a report and recommendation, and on August 13, 2014, Magistrate Judge Rodovich filed a Report and Recommendation in which he recommends that the Court grant the motion to dismiss. Ms. Thomas' window to object to the magistrate's recommendation has now passed without response.

After referring a dispositive motion to a magistrate judge, a district court has discretion to accept, reject, or modify, in whole or in part, the findings or recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1). Consistent with Federal Rule of Civil Procedure 72(b), the district

court must undertake a de novo review "only of those portions of the magistrate judge's disposition to which specific written objection is made." *See Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) (citing *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995)). If no objection or only a partial objection is made, the court reviews those unobjected portions for clear error. *Id*. Under the clear error standard, a court will only overturn a magistrate judge's ruling if the court is left with "the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir.1997).

Having reviewed the Report and Recommendation and finding no clear error therein, the Court ADOPTS the Report and Recommendation [DE 11] in its entirety. Though Ms. Thomas asserts a variety of claims, they each center around her interest in the property and the validity of the defendants' foreclosure of that property, which were resolved through a final judgment on the merits by a court of competent jurisdiction in the foreclosure action, so res judicata bars these claims. Accordingly, the defendants' motion to dismiss [DE 7] is GRANTED.

The Court further notes that even though only two of the defendants joined the motion to dismiss (the others have not appeared in this action), res judicata applies equally to the other defendants. Ms. Thomas, as the party to be estopped through issue preclusion, was a party to the prior action, and cannot relitigate her unsuccessful claim simply by substituting new parties. *See Nat'l Wine & Spirits, Inc. v. Ernst & Young, LLP*, 976 N.E.2d 699, 704 (Ind. 2012) (defining the requirements for issue preclusion to apply as: "(1) a final judgment on the merits in a court of competent jurisdiction; (2) identity of the issues; and (3) the party to be estopped was a party or the privity of a part in the prior action."); *White v. Allstate Ins. Co.*, 605 N.E.2d 141, 143 (Ind. 1992). Therefore, Ms. Thomas' claims are barred as against all defendants, so this action is DISMISSED WITH PREJUDICE.

SO ORDERED.

ENTERED: September 18, 2014

                                          /s/ JON E. DEGUILIO
                                          Judge
                                          United States District Court